**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SHERYL DORMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-225-PRW |
| | ) | |
| JENNIFER BRADSHAW, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

Before the Court is pro se Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. For the reasons that follow, the Court **DISMISSES** the Petition (Dkt. 1) **WITHOUT PREJUDICE**.

### *Background*

Petitioner is the biological mother of JoeDaniel Lee, a physically and intellectually disabled adult. Petitioner alleges that she was Mr. Lee's caretaker throughout his life until he was removed from her home.

On March 3, 2025, a report written by Amy Bennett, an investigator with the Lincoln County division of the Oklahoma Department of Human Services' Office of Client Advocacy (OCA), was approved for submission to the Tulsa County District Attorney. It found that numerous allegations of abuse, including neglect, verbal abuse, financial neglect, and physical abuse were substantiated.[1] Bennett's report found credible allegations

---

[1] Bennett Report (Dkt. 7, Ex. 7), at 1–2.

1

that Mr. Lee had been taped and handcuffed to his bed while gagged; that Petitioner would strike Mr. Lee; that Petitioner would tell Mr. Lee that she wished he would die; that Petitioner would leave Mr. Lee alone in the bath or on the toilet for extended amounts of time, though he required twenty-four hour care; and that Petitioner used methamphetamine recreationally. Bennett based her credibility determinations on interviews with witnesses, photographs, and her own observations of Petitioner's property.[2] Petitioner challenged the report, which OCA reviewed and later affirmed on April 4, 2025.[3]

Petitioner disputes the allegations, pointing to a variety of cursory investigations by the Lincoln County Sheriff's Office that determined that Mr. Lee was not the victim of abuse.[4]

Tulsa County District Court Judge Anthony Miller issued a Writ of Habeas Corpus and Writ of Assistance on April 10, 2025, removing Mr. Lee from Petitioner's home and placing him in the custody of his sister Shannon Hudson, based on a finding that Mr. Lee's safety and wellbeing were at risk. On April 12, 2025, the Lincoln County Sheriff's Office executed the Tulsa County District Court's order and physically removed Mr. Lee from Petitioner's home.

Petitioner now brings a Petition for Writ of Habeas Corpus, asking this Court to order Mr. Lee's removal from the group home in Oklahoma City where Petitioner

---

[2] *Id.* at 1–3.

[3] Notice of Reconsideration (Dkt. 1, Ex. 17), at 1.

[4] *See, e.g.,* Armitage Report (Dkt. 1, Ex. 3), at 4.

represents he resides, arguing that his removal violates Petitioner's First and Fourteenth Amendment rights.

### *Legal Standard*

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[5]  Courts should not, however, "assume the role of advocate for the pro se litigant."[6] And the broad construction of a pro se plaintiff's complaint "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[7]  Because a pro se plaintiff "requires no special legal training to recount the facts surrounding [their] alleged injury," their pro se status does not overcome the rule that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[8]  "[If] it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend."[9]

---

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

[6] *Id.*

[7] *Id.*

[8] *Id.* (citations omitted).

[9] *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) (internal citation and quotation marks omitted).

*Analysis*

## I.    Petitioner does not have standing to bring this habeas petition.

As a threshold matter, the Court must be satisfied it has subject matter jurisdiction.[10] Here, the question is whether Petitioner has standing to seek habeas relief on Mr. Lee's behalf.

Congress requires that every "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."[11] Generally, next friends appear in habeas proceedings on behalf of detainees who are unable to press their claims themselves, often because of inaccessibility or mental incompetence.[12] Next friends may not pursue habeas relief on behalf of detainees who themselves could file their own petitions.[13] Importantly, "'next friend' standing is not granted as a matter of course.[14] It is the prospective next friend's burden to "clearly . . . establish the propriety of [her next friend] status and thereby justify the jurisdiction of the court."[15]

---

[10] *Potts v. U.S.*, 824 F. Supp. 1014, 1016 (W.D. Okla. 1992) (citing *Koerpel v. Heckler,* 797 F.2d 858, 861 (10th Cir.1986); *Tafoya v. United States Dept. of Justice, Law Enforcement Assistance Admin.,* 748 F.2d 1389, 1390 (10th Cir.1984)).

[11] 28 U.S.C. § 2242 (emphasis added).

[12] *Whitmore v. Arkansas*, 495 U.S. 149, 161–62 (1990) (citing *United States ex rel. Toth v. Quarles*, 350 U.S. 11, 13 n. 3 (1955)).

[13] *Williams v. Boone*, 166 F.3d 1223 (10th Cir. 1999) (unpublished) (citing *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir. 1989)).

[14] *Whitmore*, 495 U.S. at 163.

[15] *Id.* at 164 (citing *Smith ex rel. Missouri Public Defender Comm'n v. Armontrout*, 812 F.2d 1050, 1053 (8th Cir. 1987)).

To invoke next friend standing, Petitioner must therefore satisfy "two firmly rooted prerequisites": (1) She must provide "an adequate explanation" why Mr. Lee is unable to litigate his own case[16] and (2) she must demonstrate she is "truly dedicated" to Mr. Lee's best interests.[17]

Petitioner never specifically invokes 28 U.S.C. § 2242 or otherwise claims she acting as Mr. Lee's next friend, but the Court construes the Petition as alleging that Mr. Lee's mental disability prevents him from litigating his own habeas claim. Petitioner has failed, however, to demonstrate she is "truly dedicated" to Mr. Lee's best interests. While Petitioner does have a "significant relationship" with Mr. Lee as his mother,[18] a state court has already determined that Petitioner is not fit to serve as Mr. Lee's legal guardian. The Court has reviewed the evidence presented to the state court in its initial hearing on the matter, and finds that the state court's adequately supported determination is a sufficient basis for rejecting any claim by Petitioner to act as next friend to Mr. Lee in a habeas claim. Because Petitioner does not have standing to press a habeas claim for Mr. Lee, the Court must dismiss it.

## II.    Habeas relief is not available in this case.

Even if Petitioner had standing, the Court would dismiss the Petition because "federal habeas has never been available to challenge parental rights or child custody."[19]

---

[16] *Id.* at 163 (citing *Wilson*, 870 F.2d at 1253).

[17] *Id.* (citing *Morris v. United States*, 399 F. Supp. 720, 722 (E. D. Va. 1975)).

[18] *Id.*

[19] *Lehman v. Lycoing County Children's Services Agency*, 458 U.S. 502, 511 (1982).

"Moreover, federal courts consistently have shown special solicitude for state interests in the field of family and family-property arrangements."[20] Petitioner here seeks a writ of habeas corpus to remove her adult son from a group home and she seemingly invokes her parental rights as her basis. That's a problem because federal habeas relief isn't available for such claims.

Moreover, the Court construes the Petition to seek relief under § 2241(c)(3), which provides that a writ of habeas corpus is available to persons held in custody in violation of the Constitution, laws, or treaties of the United States. The keyword in the statute is "custody." Mr. Lee is not a prisoner, but a resident of a group home, and he does not suffer any restrictions on his liberty imposed as a result of a criminal sentence or by any criminal justice system. Indeed, according to the writ from the Tulsa County District Court, Mr. Lee's legal guardian is his sister, who appears to have placed him in a residential home for other disabled adults. To be sure, "the custody, care and nurture of the child reside first in the parents, whose primary function and freedom include preparation for obligations the state can neither supply nor hinder."[21] But a state may terminate the custodial rights of a parent and assign those rights to another, so long as the state provides the parents with

---

[20] *Id.* at 511–12 (quoting *United States v. Yazell*, 382 U.S. 341, 352 (1966) (internal quotations omitted).

[21] *Troxel v. Granville*, 530 U.S. 57, 65–66 (2000) (quoting *Prince v. Massachusetts*, 321 U.S. 158, 166 (1944)).

"notice and an opportunity to be heard *before* state officials remove children from the home."[22]

So where does that leave this case? Well, first the Court finds that Mr. Lee is not "in custody" as conceived by § 2241(c)(3). Assuming he is in the legal custody of his sister, acting as his guardian, he isn't "in custody." Section 2241(c)(3)'s definition of "in custody" simply isn't broad enough to reach a disabled adult living in a group home.

Consider further the inversion of the fact pattern: if Petitioner were still Mr. Lee's legal guardian and placed him in the same group home, he would also not properly be understood to be "in custody" for purposes of the federal habeas statute. This illustrates why habeas relief is the improper vehicle for the relief Petitioner requests, since at bottom the true alleged defect is actually the identity of the legal guardian with the power to determine Mr. Lee's residence. Petitioner asks the Court to both release Mr. Lee from "unlawful detention" and return him to Petitioner's care.[23] Since it is his legal guardian who is responsible for Mr. Lee's whereabouts, the only way the Court could grant the relief Petitioner requests is by issuing an order to nullify the state court's custody determination. As discussed below, the Court will not do so.

The Court also notes that Petitioner herself presents evidence in her Petition that she was allotted ample process before the Tulsa County District Court awarded Ms. Hudson custody of Mr. Lee. As previously stated, Petitioner challenged the factual allegations

---

[22] *Arredondo v. Locklear*, 462 F.3d 1292, 1298 (10th Cir. 2006) (citing *Hollingsworth v. Hill*, 110 F.3d 733, 739 (10th Cir. 1997)).

[23] Pet. (Dkt. 1), at 1.

against her in the report presented to the Tulsa County District Attorney, and she does not allege that she was unable to be present or heard at any hearings in which Mr. Lee's custody was involved. Thus, while Petitioner claims violations of her parental rights, her pleadings fail to demonstrate any such violations. But even then, habeas is personal to the person who has been detained. To the extent Petitioner seeks to litigate this case as next friend, "[a] next friend does not h[er]self become a party to the habeas corpus action in which [s]he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest."[24] Habeas is not a vehicle to vindicate the next friend's own injuries.

All that to say, the Court cannot order habeas relief to Mr. Lee. The traditional bar against habeas relief applies in this family relations dispute, and what's more, Petitioner has failed to demonstrate that Mr. Lee is "in custody" pursuant to § 2241, much less that he is "in custody" in violation of any laws of the United States. Further, this Petition does not seek to vindicate constitutional violations suffered by Mr. Lee, but rather Petitioner, which is not the province of the writ of habeas corpus.

## III.   Even if the Court did have jurisdiction, it would abstain from issuing relief.

While this case is styled as one for habeas relief, as the Court has already said, the remedy that Petitioner seeks is not an order to remove Mr. Lee from state custody of any sort, but to reverse a state court's guardianship determination. Courts are not to "interfere with state court proceedings by granting equitable relief—such as injunctions of important

---

[24] *Whitmore*, 495 U.S. at 163 (internal citations omitted).

state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court."[25] Further, "[a]bstention is mandatory where: 1) there are ongoing state proceedings; 2) the state court offers an adequate forum to hear the plaintiff's claims from the federal lawsuit; and 3) the state proceedings involve important state interests."[26]

It is unclear from the Petition whether the underlying state custody dispute is still ongoing or if Petitioner has appealed the original order stripping her of custody of Mr. Lee. While this uncertainty on its own would not adequately counsel in favor of abstention, on such a thin record the Court must proceed with caution.

As to the second prong, which urges abstention when the state court serves as an adequate forum for Petitioner to press her claim, Petitioner has simply stated that "state courts are complicit and Petitioner filed a comprehensive complaint with the Oklahoma State Department of Health in September 2025 without relief."[27] As previously stated, it is unclear to the Court whether Petitioner has exhausted her ability to appeal the underlying state court judgment. But the Court is unconvinced that any state judge is "complicit" in the conspiracy Petitioner alleges. Nor is it plausible that every state judge is in on this alleged conspiracy such that Petitioner has no adequate state law remedy. Finally, adequacy is not measured by whether the outcome in Petitioner's underlying state case would be

---

[25] *Reed v. Stitt*, Case No. CIV-24-984-D, 2024 WL 5131892, at *2 (W. D. Okla. Dec. 16, 2024) (quoting *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1992) (internal quotation marks omitted)).

[26] *Id.* (internal citations omitted).

[27] Pet. (Dkt. 1), at 2.

favorable to her.[28] Aside from the alleged conspiracy, she has not stated a basis for the inadequacy of state court as a forum for her claim.

Finally, the third prong presses for abstention when important state interests are at play. That is the case here, as family relations are a core province of state power, and this case is intimately tied to a state custody proceeding.[29]

## IV.    The Court will not give Petitioner leave to amend the Petition.

Dismissal is appropriate because amendment would be futile.

The Court is cognizant of Petitioner's pro se status and the usual obligation to grant pro se parties a reasonable opportunity to amend, unless such amendment would be futile. The Petition here seeks injunctive relief, rather than habeas relief. Accordingly, Petitioner has failed to state a claim for relief under 28 U.S.C. § 2241, and because the allegations in the Petition could never support habeas relief for Mr. Lee, the Court finds that amendment would be futile.[30] It is important to stress that this is not mere legal formalism. Habeas proceedings are a different game than run-of-the-mill civil litigation. Res judicata does not apply to habeas proceedings,[31] for example because while finality is important, it isn't as important as preventing unlawful detentions. This counsels in favor of Petitioner seeking

---

[28] *Reed,* at *3 (citing *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019)).

[29] *Id.* (citing *Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996)).

[30] *Apodaca v. Bowen*, Case No. 18-cv-671-KWR-CG, 2020 WL 7248086, at *3 (D. N. M. Dec. 9, 2020) (citing *Hall*, 935 F.2d at 1099).

[31] *Johnson v. Champion*, 288 F.3d 1215, 1225 (10th Cir. 2002) (internal citations omitted).

equitable relief through the ordinary vehicle of a complaint, where there will be no question as to the res judicata effect of any resulting final judgment.

## *Conclusion*

For these reasons, the Petition (Dkt. 1) is **DISMISSED WITHOUT PREJUDICE** and all pending motions in this case are **DENIED AS MOOT**. A separate judgment will follow.

**IT IS SO ORDERED** this 9th day of April 2026.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE